IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **MATTHEW COLWELL,** | |
| *Plaintiff*, | |
| **v.** | |
| **RYAN WALTERS, in his official capacity as Superintendent of Public Instruction and in his individual capacity,** | Civil Action No. 5:23-00476-G |
| **and** | |
| **MATT LANGSTON, in his official capacity as Chief Policy Advisor, Administrative Services, and in his individual capacity,** | |
| *Defendants.* | |

## DEFENDANTS RYAN WALTERS AND MATT LANGSTON'S MOTION TO DISMISS PLAINTIFF'S ORIGINAL COMPLAINT AND BRIEF IN SUPPORT

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants Ryan Walters ("Walters") and Matt Langston ("Langston") (together, "Defendants") move to dismiss the claims asserted against them in their individual capacities[1] by Plaintiff Matthew Colwell ("Colwell" or "Plaintiff") in Plaintiff's Original Complaint (ECF No. 1) ("Complaint").

---

[1] Separate counsel represents Walters and Langston in their official capacities. The term "Defendants" as used herein refers to solely to Walters and Langston in their individual capacities.

## I.      INTRODUCTION

Plaintiff brought claims against Defendants premised upon his termination from his employment at the Oklahoma Department of Education ("ODE"). Plaintiff asserted claims against Defendants in both their official and individual capacities. This Motion to Dismiss is filed on behalf of Defendants in their individual capacities.

Defendants are entitled to qualified immunity with respect to Plaintiff's claims asserted against them in their individual capacities. Plaintiff must show that Defendants violated his constitutional or statutory rights, which were clearly established at the time of the Defendants' alleged unlawful conduct. Here, Plaintiff's claim fails because he has not pleaded facts showing a plausible denial of his constitutional rights under the *Pickering* test.

For these and other reasons set out below, Defendants move the Court to dismiss the claim brought against them in their individual capacities in Plaintiff's Original Complaint.

## II.      FACTUAL ALLEGATIONS

Colwell was employed as the Program Manager of School Success at the ODE from January 19, 2022 until his employment was terminated on May 26, 2023. (Pl.'s Compl. ¶5). Walters is the Superintendent of Public Instruction for the State of Oklahoma. (Pl.'s Compl. ¶6). Langston is the Chief Policy Advisor of Administrative Services for the ODE. (Pl.'s Compl. ¶7).

On May 25, 2023, Langston sent e-mail correspondence directed to all employees of the ODE informing employees that leaking internal ODE documents would constitute

grounds for immediate termination. (Pl.'s Compl. ¶8). On May 26, 2023, after discovering that Plaintiff had shared confidential information with individuals outside the ODE—specifically, the office of the Oklahoma Attorney General and an Oklahoma State Representative—Plaintiff alleges Walters terminated Plaintiff's employment. (Pl.'s Compl. ¶11). Plaintiff had shared an internal memorandum regarding Walters' proposed teacher pay plan. (Pl.'s Compl. ¶¶13, 24).

Plaintiff asserts that due to the termination of his employment, he is "suffering on-going financial losses together with emotional distress." (Pl.'s Compl. ¶25).

### III.   ARGUMENT AND AUTHORITIES

#### A.    Legal Standard

"To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege facts that, if true, 'state a claim to relief that is plausible on its face.'" *Clinton v. Sec. Benefit Life Ins. Co.*, 63 F.4th 1264, 1274 (10th Cir. 2023) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The court "need not accept '[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements.'" *Id*. (quoting *Iqbal*, 556 U.S. at 678)).

#### B.    Overview of Defendants' entitlement to qualified immunity.

Qualified immunity clearly protects government officials sued in their individual capacity from civil damage liabilities. *Taylor v. Grisham*, 544 F. Supp. 3d 1191, 1202 (D.N.M. 2021). Qualified immunity recognizes the "need to protect officials who are required to exercise their discretion and the related public interest in encouraging the vigorous exercise of official authority." *Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982).

Qualified immunity shields public officials from facing the burdens of litigation and is an immunity from suit, not simply a defense to a plaintiff's claims. *Buck v. Rhoades*, 598 F. Supp. 3d 1181, 1195 (N.D. Okla. 2022), citing *Serna v. Colorado Dept. of Corrections*, 455 F.3d 1146, 1150 (10th Cir. 2006). Because qualified immunity is "an immunity from suit rather than a mere defense to liability…it is effectively lost if a case is erroneously permitted to go to trial." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (emphasis deleted). The Supreme Court has determined that "resolving immunity questions at the earliest possible stage in litigation" is important. *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (per curiam).

"When a defendant asserts a qualified immunity defense, the plaintiff bears the burden of showing that (1) the defendant violated a constitutional or statutory right, and (2) this right was clearly established at the time of the defendant's unlawful conduct. *Thompson v. Lengerich*, No. 22-1128, 2023 WL 2028961, at *2 (10th Cir. Feb. 16, 2023); *Cox v. Wilson*, 971 F.3d 1159, 1171 (10th Cir. 2020). The court may address these prongs in any order and may resolve a case on the second prong alone if the plaintiff fails to show a right was clearly established. *Id.*, citing *Gutierrez v. Cobos*, 841 F.3d 895, 900 (10th Cir. 2016).

"Qualified immunity attaches when an official's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Frasier v. Evans*, 992 F.3d 1003, 1014 (10th Cir. 2021), citing *City of Escondido v. Emmons*, —— U.S. ——, 139 S. Ct. 500, 503, 202 L.Ed.2d 455 (2019) (per curiam). "A Government official's conduct violates clearly established law when, at the time of the

challenged conduct, '[t]he contours of [a] right [are] sufficiently clear' that every 'reasonable official would [have understood] that what he is doing violates that right.'" *Id*., citing *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011).

To make such a showing within the Tenth Circuit, a "plaintiff must point to a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." *Callahan v. Unified Gov't of Wyandotte Cty.*, 806 F.3d 1022, 1027 (10th Cir. 2015). The precedent must establish the right in "the specific context of the case, not as a broad general proposition." *Frasier*, 992 F.3d at 1014.

### B.     Defendants are entitled to qualified immunity.

Defendants are entitled to the defense of qualified immunity because Plaintiff has failed to state a plausible claim for violation of any of his constitutional rights. Plaintiff alleges he was terminated from his employment at the ODE due to his supposed violation of the "prohibition against sharing internal communications with members of the press." (Pl.'s Compl. ¶24). Plaintiff's pleading fails to demonstrate a First Amendment violation because Defendants are entitled to qualified immunity because Plaintiff's claim does not pass muster under the *Pickering* test.

### 1.     Plaintiff's claim fails under the *Pickering* test.

The test for determining whether Plaintiff was denied his constitutional rights by being terminated for speaking on matters of public concern is the *Pickering* test. *See Dixon v. Kirkpatrick*, 553 F.3d 1294, 1301 (10th Cir. 2009). The test comprises five elements, called "prongs": (1) whether the speech was made pursuant to an employee's official

duties; (2) whether the speech was on a matter of public concern; (3) whether the government's interests, as employer, in promoting the efficiency of the public service are sufficient to outweigh the plaintiff's free speech interests; (4) whether the protected speech was a motivating factor in the adverse employment action; and (5) whether the defendant would have reached the same employment decision in the absence of the protected conduct. *Id*.

Here, Plaintiff's claim fails because he has not pleaded facts sufficient to demonstrate the first two prongs of the *Pickering* test. Specifically, the communication made by Colwell was made pursuant to his official duties and did not pertain to a matter of public concern, which are the first and second elements a claimant must establish under the *Pickering* test.

### i.  The speech was made pursuant to Plaintiff's official duties.

If an employee engages in speech during the course of performing an official duty and the speech reasonably contributes to or facilitates the employee's performance of the official duty, the speech is made pursuant to the employee's official duties. *Brammer-Hoelter v. Twin Peaks Charter Acad.*, 492 F.3d 1192, 1203 (10th Cir. 2007). The ultimate question is whether the employee speaks as a citizen or instead as a government employee—an individual acting in his or her professional capacity. *Id*. The Tenth Circuit has "taken a broad view of the meaning of speech that is pursuant to an employee's official duties." *Knopf v. Williams*, 884 F.3d 939, 945 (10th Cir. 2018) (internal citations omitted). If the speech involves "the type of activities that [the employee] was paid to do," then it falls within the scope of an employee's duties. *Id*.

Here, Plaintiff's allegations demonstrate any communication made by Plaintiff was made pursuant to his official duties. Plaintiff's pleading alleges information contained in a memorandum regarding Walters' proposed teacher pay plan was shared with the office of the Oklahoma Attorney General and with an Oklahoma State Representative. (Pl.'s Compl. ¶¶10, 13). At the time, Plaintiff was employed as the Program Manager of School Success for the ODE. Communicating with other state governmental officials regarding policies and procedures in the ODE is in accordance with Plaintiff's employment in the ODE.

While Plaintiff summarily claims to the contrary, his statement is unsupported. (Pl. Compl. ¶12). "[S]peech may be made pursuant to an employee's official duties even if it deals with activities that the employee is not expressly required to perform." *Brammer-Hoelter*, 492 F.3d at 1203. Here, if Plaintiff has alleged that he engaged in the communication of the internal memorandum regarding the proposed teacher pay plan, such communication would have been made as part of Plaintiff's official duties within the ODE, even if not expressly required as part of his employment. As such, Plaintiff cannot satisfy the first element of the *Pickering* test.

                    ii.    *The speech did not address a matter of public concern.*

Even if this Court finds that Plaintiff did engage in the communications described in the Complaint and did so as a citizen, rather than as part of his official duties, Plaintiff's claim still fails under the *Pickering* test as such communication did not address a matter of public concern. There is no presumption that "all matters which transpire in a government office are of public concern." *Connick v. Myers*, 461 U.S. 138, 149 (1983). Plaintiff's unsupported allegations that all "activities [of the ODE] are of public concern" stand in

opposition to this legal precedent, and, therefore, cannot alone support a finding on the second prong in the *Pickering* test in support of Plaintiff's claim. (Pl.'s Compl. ¶13).

Matters of public concern are "those of interest to the community, whether for social, political, or other reasons." *Lighton v. Univ. of Utah*, 209 F.3d 1213, 1224–25 (10th Cir. 2000) (internal citation omitted). Courts consider "the motive of the speaker, and whether the speech is calculated to disclose misconduct or merely deals with personal disputes and grievances unrelated to the public's interest." *Id*. at 1224.

Plaintiff alleges his employment was terminated due to sharing information about a proposed teacher pay plan with individuals outside the ODE. (Pl.'s Compl. ¶11). The ODE's policies and procedures are not of the type of matters that are of interest to the community. In other words, internal policies do not constitute matters of public concern. *See Brammer-Hoelter v. Twin Peaks Charter Acad.*, 492 F.3d 1192, 1205 (10th Cir. 2007) (noting that in the Tenth Circuit, the following are not matters of public concern: speech regarding grievances about internal department affairs, disputes over the term of employment, and workplace frustration).

### C.    Plaintiff should be denied an opportunity to re-plead his claims.

The trial court may deny leave to amend where amendment would be futile. *Grossman v. Novell, Inc.*, 120 F.3d 1112, 1126 (10th Cir. 1997). Here, where Plaintiff has failed to plead facts showing any action taken outside of his official duties in the ODE pertaining to any matter of public concern, any leave to amend would be futile. As such, Defendants urge the Court to dismiss Plaintiff's claims with prejudice with no opportunity to re-plead.

---

## IV.   **CONCLUSION**

Plaintiff's claims asserted against Defendants in their individual capacities fail due to Defendants' entitlement to qualified immunity given Plaintiff's failure to demonstrate a constitutional violation of his rights by Defendants. Based on the foregoing, Defendants move the Court under Rule 12(b)(6) to dismiss with prejudice all claims that Plaintiff has asserted against them in their individual capacity in his Original Complaint (ECF No. 1) on the ground that Plaintiff has failed to state a claim for which relief may be granted.

Respectfully submitted,

*/s/      Scott M. McElhaney*
Timothy Davis
Texas State Bar No. 24086142
(*application to appear pro hac vice forthcoming*)
Alexandra M. Williams
Texas State Bar No. 24107297
(*application to appear pro hac vice forthcoming*)
**JACKSON WALKER L.L.P.**
2100 Main St., Suite 2100
Fort Worth, TX 76102
(817) 334-7270 (phone)
(817) 334-7290 (fax)
Email: tdavis@jw.com
Email: amwilliams@jw.com

Scott M. McElhaney
Texas State Bar No. 00784555
**JACKSON WALKER L.L.P.**
2323 Ross Ave., Ste. 600
Dallas, Texas 75201
(214) 953-6147 (phone)
(214) 661-6672 (fax)
Email: smcelhaney@jw.com

**COUNSEL FOR DEFENDANTS RYAN WALTERS AND MATT LANGSTON, in Their Individual Capacities**

## CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2023, I electronically transmitted the attached document to the Clerk of Court using the Electronic Case Filing System for filing. Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants of the ECF System.

*/s/      Scott M. McElhaney*