## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1. MATTHEW COLWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.CIV-23-476-G |
| | ) | |
| 1. RYAN WALTERS, in his official capacity | ) | |
| as Superintendent of Public Instruction, | ) | |
| and in his individual capacity, and | ) | |
| | ) | |
| | ) | |
| 2. MATT LANGSTON, in his official capacity | ) | |
| as Chief Policy Advisor Administrative | ) | |
| Services, and in his individual capacity, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S RESPONSE TO THE MOTION TO DISMISS BY THE DEFENDANTS IN INDIVIDUAL CAPACITY

**COMES NOW THE PLAINTIFF**, Matthew Colwell, and in response to Defendants' motion to dismiss (Dkt # 10), shows this Court as follows:

## I. - BACKGROUND OF THE DISPUTE

Mr. Colwell was an employee of the Oklahoma Department of Education who was terminated by the Defendants because he had provided information to the Oklahoma Attorney General and member of the House of Representative about a teacher pay program which program violated state and federal standards and placed millions of tax dollars in jeopardy. Complaint, ¶¶11, 13.

Mr. Colwell brought this action to vindicate his First Amendment right against Defendants retaliation for his speech on matters of public concern.

## II. - THE SUFFICIENCY OF PLAINTIFF'S ALLEGATIONS

Defendants make a perfunctory reference to "perfunctory allegations" being insufficient, but does not explain what allegations are factually insufficient. Plaintiff's

-1-

complaint quotes from both the email and the letter of dismissal such that there is nothing conclusory about the foundation for her claim.  Complaint, ¶¶8, 11 (Dkt #1).

The thrust of Defendants' substantive assertions are:

1.    Plaintiff was speaking pursuant to his official duties.  MTD, Prop. B(1)(i).

2.    His speech was not on a matter of public concern.  MTD, Prop. B(1)(ii).

These arguments are contrary to clearly established law.

### 1. - The Motion To Dismiss Must Be Overruled Because This Court Must Accept Colwell's Pleading That His Speech Was Not Part Of His Job Duties.

Defendants argument (Mt, Prop. B(1)(i), p. 6-7) is that the first **Pickering**[1] element fails because "Communicating with other state government officials regarding policies and procedures in the ODE is in accordance with Plaintiff's employment in the ODE." **Id.**, p 6. This statement is merely conclusory and is insufficient to support a motion to dismiss.  First of all, whether such communication is "in accordance with Plaintiff's employment", **id.**, is not the test.  "The critical question under **Garcetti** is whether the speech at issue is itself ordinarily within the scope of an employee's duties, not whether it merely concerns those duties." **Knopf v. Williams**, 884 F.3d 939, 945 (10th Cir. 2018) (Quoting **Lane v. Franks**, 573 U.S. 228, 240).

> The **Garcetti** Court made explicit that its holding did not turn on the fact that the memo at issue 'concerned the subject matter of [the prosecutor's] employment,' because '[t]he First Amendment protects some expressions related to the speaker's job.' **Id.**, at 421. In other words, the mere fact that a citizen's speech concerns information acquired by virtue of his public employment does not transform that speech into employee—rather than citizen—speech. The critical question under **Garcetti** is whether the speech at issue is itself ordinarily within the scope of an employee's duties, not whether it merely concerns those duties.

---

[1] Defendants misstate the **Pickering** test.  **Pickering** a four-part test and the question of whether speech was pursuant to official duties is not an element. **Garcetti v. Ceballos**, 547 U.S. 410 (2006) is the more recent five-part test, and it is the first element of the Garcetti test which Defendants' attempt to challenge.

*Lane*, 573 U.S., at 239-40.

The question of whether communicating with Legislators or the Attorney General's office was part of Colwell's "ordinary job duties" is a question of fact which cannot be resolved on a motion to dismiss where the only facts before the Court are those which have been pleaded by the Plaintiff.  In this case, Mr. Colwell, who would know his own job duties, pled:

> Mr. Colwell's communication, actual or perceived, was not part of his job duties.  To the contrary, such communications would be against the express directive of the Defendants and therefore were made in his capacity as a citizen.

Complaint, ¶12 (Dkt # 1).  At this stage, such allegation must be accepted as true.  "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Moreover, the question of the scope of an employee's ordinary job duties is not generally suitable for a motion to dismiss because that question is fact-intensive.  "[W]hen the employee's official duties are not so clearly delineated. . . the determination whether speech is protected involves a fact-intensive, 'practical' determination."  *Rohrbough v. Univ. of Colo. Hosp. Auth.*, No. 06-cv-00995-REB-MJW, 2006 U.S. Dist. LEXIS 82087, at *8 (D. Colo. Nov. 8, 2006) (citing *Garcetti*).  The fact-intensive nature of the inquiry was emphasized in *Lane v. Franks*, 573 U.S. 228, 239 (2014) which nine times repeated that the inquiry was as to the employee's *ordinary* job duties.  *Id*., at 231, 235, 237, 238, 243,  *See, also, id*, at 247 (Thomas, J., concurring).  In *Janus*, 585 U.S., at __, 138 S.Ct., at 2471, the Supreme Court refined this test further explaining that " employee speech is largely unprotected *if it is part of what the employee is **paid** to do*". (Emphasis supplied).

> Ultimately, we ask whether the employee was 'perform[ing] the task[] [they were] *paid to perform*' when they spoke. *Lane*, 134 S. Ct. at 2379. If so, the 'speech was therefore commissioned by his employer,' *Thomas v. City of Blanchard*, 548 F.3d 1317, 1323 (10th Cir. 2008), and it enjoys no First

Amendment protection.

***Knopf v. Williams***, 884 F.3d 939, 946 (10th Cir. 2018).

Such determination cannot be made at the motion to dismiss stage because it involves impermissible fact-finding.  "'The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted.' ***Miller v. Glanz,*** 948 F.2d 1562, 1565 (10th Cir.1991)." ***Sutton v. Utah State School for the Deaf and Blind,*** 173 F.3d 1226, 1236 (10th Cir. 1999).

**WHEREFORE**, Defendants' challenge to the first prong of the ***Garcetti*** test must be overruled and its attempt to claim qualified immunity on a fact issue at the motion to dismiss stage should be deemed frivolous.

## 2. - Plaintiff's Speech Was On A Matter Of Public Concern

Defendants argument (Mt, Prop. B(1)(i), p. 7-8) is that "[t]he ODE's policies and procedures are not of the type of matters that are of interest to the community." ***Id.,*** p. 8.

> Speech involves matters of public concern 'when it can "be fairly considered as relating to any matter of political, social, or other concern to the community," **or** when it "is a subject of legitimate news interest; that is, a subject of general interest and of value and concern to the public."' ***Snyder v. Phelps***, 562 U. S. 443, 453 (2011) (citation omitted).

***Lane v. Franks,*** 573 U.S. 228, 241 (2014) (emphasis by counsel).

The use of the disjunctive "or" makes it clear that these are two distinct tests for the public concern doctrine.In this case, the question of public concern could easily be decided under the "legitimate new interest" test. ***See City of San Diego, Cal. v. Roe***, 543 U.S. 77, 83-84 (2004) (Public concern test satisfied by the matter was "a subject of legitimate news interest; that is, a subject of general interest and of value and concern to the public at the time of publication.")

This Court can take judicial notice of the wide-spread and intense news interest in

Defendants' firing of this employee for reporting violations of state and federal law in Walters' pay plan.

Apart from the public interest and news coverage, the disclosure of the law violations in Walters' plan clearly is a matter of public interest under every application of the public interest test. Mr. Colwell pled:

> 13.    The Department of Education is a public, constitutional agency of the State of Oklahoma and is charged with advancing education of students in the State of Oklahoma. Given the nature and scope of the activities of the Department of Education, its activities are matters of public concern. The information shared was a memorandum explaining that Walters' proposed teacher pay plan contravened the requirements of federal and state laws and could have the effect of costing the State of Oklahoma approximately $18,000,000.

This is squarely within the clearly defined parameters of the public concern doctrine because it involves violates of state and federal law in the misuse of public funds constituting at the least malfeasance, and potentially corruption.

> [C]orruption in a public program and misuse of state funds—obviously involves a matter of significant public concern. *See, e.g., Garcetti*, 547 U. S., at 425 ('Exposing governmental inefficiency and misconduct is a matter of considerable significance').

*Lane v. Franks,* 573 U.S. 228, 241 (2014).

Quite naturally, Tenth Circuit case law is in accord. *See Glover v. Mabrey*, 384 F. App'x 763, 769-70 (10th Cir. 2010):

> '[T]he use of public funds and . . . the objectives, purposes and mission' of a government agency are 'well within the rubric of matters of "public concern."' *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1263 (10th Cir. 2005) (quotation omitted); *see also Gardetto v. Mason*, 100 F.3d 803, 814 (10th Cir. 1996) ('persons able to offer a well-informed perspective on expenditures of public funds may be especially valuable to public debate'). [Plaintiff]t claims the speech concerned 'when and how a public roadway fail[ed] . . . [and] relate[d] to the expenditure of tax funds by government officials.' (R. Vol. I at 25.) We agree. Glover sufficiently alleged its public comments regarding ODOT's poor design of Highway 64 was protected speech. *See Lancaster v. Indep. Sch. Dist. No. 5*, 149 F.3d 1228, 1234 (10th Cir. 1998) (speech calculated to disclose wrongdoing or inefficiency in the conduct of official duties).

Indeed, attempting to rest a qualified immunity claim in this area has been criticized as frivolous:

> In its order, the Court held that the individual defendants were not entitled to qualified immunity on plaintiff's First Amendment retaliation claim. Memorandum And Order (Doc. #291) filed January 23, 2023 at 15-16. The Court reasoned that '[i]n the Tenth Circuit, the law has been clearly established since at least 2000 that Section 1983 prohibits retaliation for exercising constitutionally protected rights under the First Amendment.' *Id*. at 16; *see e.g., Glover v. Mabrey*, 384 F. App'x 763, 768 (10th Cir. 2010) ('It is well-established "the First Amendment bars retaliation for protected speech."' (quoting *Crawford-El v. Britton*, 523 U.S. 574, 592 (1998))*; DeLoach v. Bevers*, 922 F.2d 618, 620 (10th Cir. 1990) ('An act taken in retaliation for the exercise of a constitutionally protected right is actionable under § 1983 even if the act, when taken for a different reason, would have been proper. . . . The unlawful intent inherent in such a retaliatory action places it beyond the scope of a police officer's qualified immunity if the right retaliated against was clearly established.').
>
> On January 25, 2023, counsel for the individual defendants informed the Court that they intend to appeal this decision. See 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A). This case is set for trial on February 28, 2023. Accordingly, if the appellant defendants appeal, the Court orders them to show cause why it should not certify that appeal as frivolous and proceed with trial as ordered. *See United States v. Hines*, 689 F.2d 934, 937 (10th Cir. 1982) (court not divested of jurisdiction when it finds appeal frivolous).

*Douglass v. Garden City Cmty. Coll.*, No. 20-2076-KHV, 2023 U.S. Dist. LEXIS 18948, at *2-3 (D. Kan. Feb. 3, 2023).

**WHEREFORE**, Defendant's motion to dismiss must be overruled and its attempt to claim qualified immunity should be deemed frivolous at least at this stage.

### III. - LEAVE TO AMEND

Defendants' Motion, Prop. (C), p. 8, asks the Court to deny leave to amend if any pleading deficiencies are found. While Plaintiff does not believe any pleading deficiencies exist which require amendment, it is clear that additional facts could be plead if necessary, however Defendant has not actually pointed to any deficiencies. Defendants falsely claim that Plaintiff has not pled facts showing his speech not outside his ordinary job duties. To the contrary, Plaintiff- who knows his job duties– pled exactly that. Complaint, ¶12 (Dkt

-6-

#1).  Similarly, Defendants false claim that Plaintiff's speech was on a purely internal matter of no concern to the public.  Again, Plaintiff expressly pled that the conduct of Walters was contrary to state law and the federal grant jeopardized millions of dollars in public funds. Complaint, ¶13 (Dkt #1).

If something was missing from such pleadings as, for instance, if this court to decline to take notice of the widespread news coverage of this issue, the fact of such coverage could easily be pled.  The bottom-line is, Defendants' request is contrary to the settled standards on a motion to dismiss.  "[I]f it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend." ***Brever v. Rockwell International Corp***., 40 F. 3d 1119, 1131 (10th Cir. 1994) (quotation omitted).

## CONCLUSION

Defendants' motion must be denied in its entirety.

**RESPECTFULLY SUBMITTED THIS 18th DAY OF JULY 2023.**

HAMMONS HURST & ASSOCIATES

s/ Mark Hammons
Mark Hammons, OBA No. 3784
325 Dean A. McGee Avenue
Oklahoma City, Oklahoma 73102
Telephone:  (405) 235-6100
Facsimile:  (405) 235-6111
Email: katie@hammonslaw.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

A true copy of the foregoing was filed and served by use of this Court's ECF system of filing and service on each of Defendants' counsel below listed on July 18th, 2023:

Bryan Cleveland
Oklahoma State Dept of Edu
2500 N. Lincoln Blvd.
Oklahoma City, OK 73105
Ph:     (405) 522-2424
Email: byan.cleveland@sde.ok.gov
Attorney for Defendants in their
      official capacity

Scott M. McElhaney
JACKSON WALKER, LLP
2323 Ross Ave., Suite 600
Dallas, Texas 75201
Ph:     214-953-6147
Fax:   214-661-6672
Email: smcelhaney@jw.com
Attorney for Defendants in their
      individual capacity

S/Mark Hammons