### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. MATTHEW COLWELL,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>1. RYAN WALTERS, in his official capacity<br>　　　as Superintendent of Public Instruction,<br>　　　and in his individual capacity, and<br><br>2. MATT LANGSTON, in his official capacity<br>　　　as Chief Policy Advisor Administrative<br>　　　Services, and in his individual capacity,<br><br>　　　　　Defendants. | No. CIV-23-476-G |

**PLAINTIFF'S RESPONSE TO THE MOTION TO DISMISS BY THE DEFENDANTS IN THEIR OFFICIAL CAPACITY**

**COMES NOW THE PLAINTIFF**, Matthew Colwell, and in response to Defendants' motion to dismiss (Dkt # 8), shows this Court as follows:

### I. - BACKGROUND OF THE DISPUTE

Mr. Colwell was an employee of the Oklahoma Department of Education who was terminated by the Defendants because he had provided information to the Oklahoma Attorney General and member of the House of Representative about a teacher pay program which program violated state and federal standards and placed millions of tax dollars in jeopardy. Complaint, ¶¶11, 13.

Mr. Colwell brought this action to vindicate his First Amendment right against Defendants retaliation for his speech on matters of public concern.

### II. - PLAINTIFF HAS STANDING TO SEEK DECLARATORY RELIEF

Defendants has moved to dismiss Count I of Plaintiff's Complaint (Dkt #8, Prop. A,

-1-

p. 2) asserting that Plaintiff lacks standing to bring a claim for declaratory relief.[1]

> To establish Article III standing, the plaintiff must show injury in fact, a causal relationship between the injury and the defendants' challenged acts, and a likelihood that a favorable decision will redress the injury. ***Lujan v. Defenders of Wildlife***, 504 U.S. 555, 560-61 (1992). PeTA, as the party invoking federal jurisdiction, bears the burden of establishing the elements of standing. ***Id***. at 561.

***PeTA v. Rasmussen***, 298 F.3d 1198, 1202 (10th Cir. 2002).

Defendants do not dispute that Mr. Colwell has suffered an injury nor do they dispute that there is "a causal relationship between the injury and defendants' challenged acts". ***Id***. Defendants' sole challenge is that a favorable decision will not redress the injury. Defendants theory is that Colwell "is not a current employee [and] faces no chilling of speech or threatened employment." Defs' Mt, p. 2 (Prop. A). Under this perverse theory, Defendants, by adopting an unconstitutional policy, and firing Plaintiff under that policy, could deny Plaintiff standing to challenge the policy as unconstitutional.

First of all, this challenge is flawed at its foundation. Defendants assume that Plaintiff's only First Amendment right affected, is his right to speech. To the contrary, Plaintiff's First Amendment rights **equally** rests on his right to *receive* information.

> The Court's employee-speech jurisprudence protects, of course, the constitutional rights of public employees. *Yet the First Amendment interests at stake extend beyond the individual speaker. The Court has acknowledged the importance of promoting the public's interest in receiving the well-informed views of government employees engaging in civic discussion . . .***San Diego v. Roe**, 543 U.S. 77, 82, 125 S. Ct. 521, 160 L. Ed. 2d 410 (2004) (per curiam) ('"Were [public employees] not able to speak on [the operation of their employers], *the community would be deprived of informed opinions on important public issues. The interest at stake is as much the public's interest in receiving informed opinion as it is the employee's own right to disseminate it*' (citation omitted)); **cf. Treasury Emples.**, 513 U.S., at 470 ('*The large-scale disincentive to Government employees' expression also imposes a significant burden on the public's right to read and hear what the employees would otherwise have written and said*').

---

[1] Plaintiff concedes that she cannot sustain a claim for injunctive relief as the termination has already occurred.

*Garcetti v. Ceballos*, 547 U.S. 410, 419-420 (2006).

Plaintiff's right to *receive information* is protected by the First Amendment and is as important on Plaintiff's right to speak. Thus, the termination from employment does not affect the on-going injury he suffers as a citizen resulting from stifling the speech of other employees. Complaint, ¶¶ 8-10. A declaration of the unconstitutional nature of Defendant's gag order serves to vindicate Plaintiff's on-going right to receive uncensored information from Department of Education employees in the future. This represents exactly the kind of prospective relief contemplated by the most common form of declaratory relief. Thus, any requirement of future injury and the capacity for declaratory relief to remediate that injury is established.

Even apart from this, the Defendants fail to appreciate that economic and other non-economic damages are sufficient to support standing.

To back up, the Declaratory Judgment statute, 28 U.S.C. § 2201(a) (emphasis supplied), provides that relief is proper:

> In a case of actual controversy within its jurisdiction, . . . upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, *whether or not further relief is or could be sought*. . .

Similarly, Fed.R.Civ.P. 57 admonishes: "The existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate."

Consequently, courts have recognized that the existence of a damage action (such as brought against the Defendants individually) will support declaratory relief if the basis for such declaration is factually intertwined with the damage claim. In some courts, "once a plaintiff establishes standing to seek damages, a court need not undertake a separate standing inquiry for equitable relief so long as the damages and equitable claims are predicated on the same operative facts and legal theories." *Nava v. City of Dublin*, 121 F.3d 453, 456-57 (9th

Cir. 1997).  **And see Yniguez v. Arizona**, 975 F.2d 646, 647 (9th Cir. 1992) ("A plaintiff's pursuit of nominal damages provides a sufficiently concrete interest in the outcome of the litigation to confer standing to pursue declaratory relief and thereby prevents mootness." (Quoted with approval in **F.E.R. v. Valdez**, 58 F.3d 1530, 1533 (10th Cir. 1995)).  The Tenth Circuit appears to have adopted this reasoning in **Lippoldt v. Cole**, 468 F.3d 1204, 1217 (10th Cir. 2006), quoted *infra*.

Thus, contrary to Defendants argument, Defs' Mt, p. 2, the ability to secure a declaration of rights, particularly in conjunction with a damage claim, shows that his injuries can be redressed by the relief she seeks.

Plaintiff, however, bases his standing on *on-going* damages claims arising out of the First Amendment violation.  On-going injury or continuing adverse effects are sufficient to support declaratory judgment and defeat a claim of mootness:

> [P]laintiffs have standing to seek declaratory relief. A claim for 'declaratory judgment is generally prospective,' but we treat declaratory relief as retrospective 'to the extent that it is intertwined with a claim for monetary damages that requires us to declare whether a past constitutional violation occurred.' **PeTA v. Rasmussen**, 298 F.3d 1198, 1202 n.2 (10th Cir. 2002); **Faustin v. City & County of Denver**, 268 F.3d 942, 948 (10th Cir. 2001). Moreover, *plaintiffs' claim for declaratory relief is not moot where the district court must determine whether a past constitutional violation occurred which will in turn affect the parties' current rights or future behavior*. **Green v. Branson**, 108 F.3d 1296, 1299-1300 (10th Cir. 1997).
>
>   Just as plaintiffs have standing to seek damages, they have standing to seek declaratory relief, and their claim is not moot. Throughout the entire litigation, the parties have disagreed whether the defendants violated the First Amendment in denying plaintiffs' parade permits, and plaintiffs sought damages for the City's denial of the parade permits. At the bench trial, the district court had to determine whether a past constitutional violation occurred when defendants denied the parade permits. Even on appeal, a live controversy remains. Plaintiffs challenge the district court's denial of compensatory damages. Defendants challenge the district court's determination that Cole and Harlenske are liable pursuant to 42 U.S.C. § 1983. Thus, plaintiffs have standing to seek declaratory relief concerning denial of their parade permits in July 2001, and their claim is not moot.

**Lippoldt v. Cole**, 468 F.3d 1204, 1217 (10th Cir. 2006) (emphasis supplied).

Defendants are correct that Plaintiff's Complaint (Count I), seeks only prospective relief. Complaint, ¶¶19 (Dkt #1). ***Lippoldt*** explains that in the context of Plaintiff's damage claims, the normally prospective relief may be deemed retrospective. Of course declaring the unconstitutionality of the policy prospectively vindicates Plaintiff's First Amendment interest in receiving information.

Thus, while Plaintiff's declaratory relief claim should, perhaps, be read as seeking both prospective and retrospective declaratory relief, that would not support a motion to dismiss. If there is a defect its characterizing the remedy, that defect, besides being curable by amendment, would not warrant dismissal of the Complaint. As Judge Wyrick explained: "The Federal Rules of Civil Procedure 'do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted.'" ***Radial Engines, Ltd. v. YRC Freight, Inc***., No. CV-19-00841-PRW, 2021 U.S. Dist. LEXIS 31192, at *3 & n.26 (W.D. Okla. Feb. 19, 2021) (Wyrick, J.) (Quoting ***Johnson v. City of Shelby***, 574 U.S. 10, 11 (2014)).

As indicated, declaratory relief is justified in two circumstances: 1) a genuine threat of future injury, and 2) past violations with *continuing* injuries or adverse effects. These are independent grounds for prospective relief as shown by the use of the disjunctive "or" in the controlling case law. ***See Tandy v. City of Wichita***, 380 F.3d 1277, 1283 (10th Cir. 2004) ("To seek prospective relief, the plaintiff must be suffering *a continuing injury* **or** be under a real and immediate threat of being injured in the future." Emphasis supplied) and ***City of Los Angeles v. Lyons***, 461 U.S. 95, 102 (1983) (declaratory relief supported by "continuing, present adverse effects."(quotation and alterations omitted)). ***Accord Estate of Schultz v. Brown***, 846 F. App'x 689, 693 (10th Cir. 2021); ***Doe v. Hunter***, 796 F. App'x 532, 536 (10th Cir. 2019); ***Am. Humanist Ass'n v. Douglas Cnty. Sch. Dist. Re-1***, 859 F.3d 1243, 1250 (10th Cir. 2017), and ***DG v. Devaughn***, 594 F.3d 1188, 1197 (10th Cir. 2010), ***inter***

*alia*, all repeating *Tandy*'s disjunctive test for an injury sufficient to support prospective relief.

Plaintiff's pleadings meet the continuing injury standard. He has claimed "on-going financial losses together with emotional distress".[2]  Complaint, ¶ 26 (Dkt # 1).  His declaratory judgment challenge to Defendants' policy arises out of identical facts supporting his damage claims. Complaint, ¶¶ 8, 11, 20, 24. Consequently, he meets the *PeTA*/*Lippoldt* test for declaratory relief.

This is properly pled in his Complaint, Plaintiff has asserted that his termination was caused by the policy he seeks to challenge, Complaint, ¶¶8, 11, 17-18  (Dkt #1), and that his termination under that policy this has caused an on-going economic injury .  Complaint, ¶ 25 (Dkt #1).  In the same paragraph, he also alleged emotional distress from the same action. The consequences from an involuntary termination are recognized as causing injury that extends well beyond the date of the termination. **See Green v. Brennan**, 578 U.S. 547, 557-58 (2016) ("termination [is] an additional adverse consequence that he may have to disclose in future job applications"), and **Asbill v. Hous. Auth. of Choctaw Nation**, 726 F.2d 1499, 1503 (10th Cir. 1984) ("certainly, termination from employment constitutes a 'black mark' on any employee's resume.")  Such on-going non-economic injury is sufficient to support standing.  **See Vill. of Arlington Heights v. Metro. Hous. Dev. Corp**., 429 U.S. 252, 262-63 (1977) ("It has long been clear that economic injury is not the only kind of injury that can support a plaintiff's standing.")

---

[2] Emotional distress damages are available in Sec. 1983 action.  ***Carey v. Piphus,*** 435 U.S. 247, 263-64 (1978).  "'It takes little foresight to acknowledge that a person whose employment is terminated is going to suffer mental anguish, embarrassment and even humiliation.'"  ***Canady v. J.B. Hunt Transport, Inc***., 970 F.2d 710, 715 (10th Cir. 1992) (quoting ***Williams v. ABS Enterprises, Inc***., 1987 OK CIV APP 6, ¶ 7, 734 P.2d 854, 857).

**WHEREFORE**, Plaintiff has standing for declaratory relief.

### III. - DEFENDANTS HAVE ONLY A LIMITED IMMUNITY FROM SUIT

Defendants concede (Mt., Prop. (B), p. 2-3) that the 11th Amendment only bars retrospective relief. While this isn not completely true, the admission that Plaintiff can "maintain a constitution claim against Defendants" for "prospective relief" defeats their arguments. *Id*.[3] Further, whether viewed as prospective or retroactive relief, a declaration as to the constitutionality of a policy is not barred by the 11th Amendment Immunity. As stated in the early case of *Ex parte Young*, 209 U.S. 123 (1908):

> [A] suit challenging the constitutionality of a state official's action in enforcing state law is not one against the State. . . because an unconstitutional statute is void,, and therefore does not 'impart to [the official] any immunity from responsibility to the supreme authority of the United States.'

*Green v. Mansour*, 474 U.S. 64, 68 (1985) (Quoting *Ex parte Young*).

Admittedly, there had been confusion because some older cases seemed to bar retrospective declarations even when the cases did not implicate the expenditure of state funds. It is now clear that immunity from declaratory relief is inapplicable "where the suit does not seek to bar a state authority from applying and enforcing ***state law***, a request for declaratory or injunctive relief is simply a formality for obtaining a process of review." *Verizon Md. Inc. v. PSC*, 535 U.S. 635, 651 & fn. 3 (2002)(J. Souter, concurring) (emphasis supplied). The *Verizon* concurrence explains and reconciles the apparent inconsistency in some of the Court's holdings and comes down on the side of allowing declaratory relief when the declaration is as to the unconstitutionality of an existing policy:

> [T]he State has a strong interest in any case where its adjudication of a federal question is challenged. An adverse ruling in one appeal can no doubt affect the state commission's ruling in future cases. But this is true any time a state

---

[3] Sequence altered for clarity. Defendants also make an inexplicable argument regarding Oklahoma's Governmental Tort Claims Act (OGTCA). That Act, at least at present, has nothing to do with Plaintiff's claims.

> court decides a federal question and a successful appeal is made to this Court, and no one thinks that the Eleventh Amendment applies in that instance.

*Id.*, 535 U.S., at 652.

To hold that standing could be lost by the very unconstitutional wrong that gave rise to the claim, would be "a particularly curious reading" given the Court's "implicit acceptance of suits for injunctive and declaratory relief" against a State. ***Sossamon v. Texas***, 563 U.S. 277, 299 (J. Sotomayor, dissenting on other grounds) (RLUIPA claim).

To explain more fully, Defendants conflate standing with 11th Amendment immunity. The two are different. As explained above, Plaintiff has standing regardless of whether the declaratory relief is considered prospective or retrospective. As long as Plaintiff is suffering the adverse effects of the unconstitutional act, she has standing even though the policy itself no longer applies to her.

However, for 11th Amendment purposes the inquiry is different. Under the 11th Amendment, the question is not standing but whether there is a *continuing violation of federal law*. If there is no continuing violation of federal law, then declaratory relief would not be available because the issue would be moot. If the issue was moot, then the 11th Amendment immunity would be of no consequence and would not even be reached. Defendants do not claim they have abandoned the challenged policy or that the issue is moot. Thus, declaratory relief is available prospectively to prevent the on-going constitutional violation.

Further, the on-going adverse acts discussed about support standing and an entitlement to relief.

Defendants' objection to curing any perceived pleading defects is itself contrary to the standards of Rule 15 and is not justified by their erroneous legal arguments.

While Plaintiff does not believe an pleading deficiencies exist which require

amendment, it is clear that additional facts could be plead as to the nature of the relief.

The bottom-line is, Defendants' request is contrary to the settled standards on a motion to dismiss. "[I]f it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend." *Brever v. Rockwell International Corp.*, 40 F. 3d 1119, 1131 (10th Cir. 1994) (quotation omitted).

## CONCLUSION

Defendants' motion must be denied in its entirety.

**RESPECTFULLY SUBMITTED THIS 18th DAY OF JULY 2023.**

HAMMONS HURST & ASSOCIATES

s/ Mark Hammons
Mark Hammons, OBA No. 3784
325 Dean A. McGee Avenue
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-6100
Facsimile: (405) 235-6111
Email: katie@hammonslaw.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

A true copy of the foregoing was filed and served by use of this Court's ECF system of filing and service on each of Defendants' counsel below listed on July 18th, 2023:

Bryan Cleveland
Oklahoma State Dept of Edu
2500 N. Lincoln Blvd.
Oklahoma City, OK 73105
Ph:    (405) 522-2424
Email: byan.cleveland@sde.ok.gov
Attorney for Defendants in their
       official capacity

Scott M. McElhaney
JACKSON WALKER, LLP
2323 Ross Ave., Suite 600
       Dallas, Texas 75201
Ph:    214-953-6147
Fax:   214-661-6672
Email: smcelhaney@jw.com

Attorney for Defendants in their
       individual capacity

S/Mark Hammons