IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **MATTHEW COLWELL,**<br><br>*Plaintiff,*<br><br>v.<br><br>**RYAN WALTERS, in his official capacity as Superintendent of Public Instruction and in his individual capacity,**<br><br>and<br><br>**MATT LANGSTON, in his official capacity as Chief Policy Advisor, Administrative Services, and in his individual capacity,**<br><br>*Defendants.* | Civil Action No. 5:23-00476-G |

### DEFENDANTS RYAN WALTERS AND MATT LANGSTON'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S ORIGINAL COMPLAINT

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants Ryan Walters ("Walters") and Matt Langston ("Langston") (together, "Defendants") file this Reply in Support of their Motion to Dismiss Plaintiff's Original Complaint (ECF No. 10) ("Motion") in which they moved the Court to dismiss the claims asserted against them in

their individual capacities[1] by Plaintiff Matthew Colwell ("Colwell" or "Plaintiff") in his Original Complaint (ECF No. 1) ("Complaint").

## I. SUMMARY OF REPLY

In his Response to Defendants' Motion to Dismiss (ECF No. 13) ("Response"), Plaintiff urges this Court to allow his claim against Defendants in their individual capacities to proceed and survive the dismissal stage because whether Plaintiff's reporting of Walters' proposed pay plan to other government official was part of Plaintiff's job duties must be a fact question, despite that such is often determined as a matter of law. (Response, pp.2-4). Additionally, Plaintiff asserts that the speech Defendants allegedly perceived Plaintiff to be making pertained to a matter of public concern because, according to Plaintiff, there was "wide-spread and intense news interest in Defendants' firing of this employee for reporting violations of state and federal law in Walters' pay plan." (Response, pp.4-5).

However, both of these elements—whether speech was made pursuant to an employee's official duties and whether such speech pertained to a matter of public concern can be determined as a matter of law. Moreover, Plaintiff's communication as a government employee to other government officials about government business is a communication made pursuant to official duties given Tenth Circuit precedent analyzing analogous scenarios. Further, Plaintiff's communication about government business was not a matter of public concern simply because it was a communication about the Oklahoma

---

[1] Separate counsel represents Walters and Langston in their official capacities. The term "Defendants" as used herein refers solely to Walters and Langston in their individual capacities.

Department of Education ("ODE")—which Plaintiff asserts is a government department generally subject to recent news coverage.

As such, Plaintiff's arguments are not persuasive. Therefore, Defendants are entitled to qualified immunity given Plaintiff's failure to state a clear violation of his constitutional rights. Defendants re-urge the Court to dismiss the claim brought against them in their individual capacities in Plaintiff's Original Complaint.

## II.   ARGUMENT AND AUTHORITIES

### A.   Plaintiff has failed to state a claim for a violation of his constitutional rights.

Plaintiff cannot demonstrate that he was denied his constitutional rights because he has not pleaded facts showing the requisite elements of such determination under the *Pickering/Garcetti* test. Namely, Plaintiff's allegations show that his speech was made pursuant to his official duties and do not show that his speech pertained to a matter of public concern.

Plaintiff's Response focuses on urging the Court that such issues are fact questions—yet the Tenth Circuit often resolves these first two elements of the *Pickering/Garcetti* test as questions of law. *Trant v. Oklahoma*, 754 F.3d 1158, 1165 (10th Cir. 2014). Moreover, Plaintiff's Response focusing on the level of public concern over the ODE as a whole does not offer persuasive authority as to the analysis of such element.

#### 1.   Plaintiff communicated pursuant to his official duties in the ODE.

In his Response, Plaintiff's ultimate assertion in whether his disclosure of a memorandum regarding Walters' proposed teacher pay plan was within the scope of his

duties as an employee at the ODE is that "[t]he question of whether communicating with Legislators or the Attorney general's office as part of Colwell's "ordinary job duties" is a question of fact which cannot be resolved on a motion to dismiss." (Response, p.3). However, this first prong—whether speech was made pursuant to an employee's official duties—is often determined as a matter of law within the Tenth Circuit. *Seifert v. Unified Gov't of Wyandotte Cnty./Kansas City*, 779 F.3d 1141, 1151 (10th Cir. 2015).

If a public employee speaks "pursuant to [his or her] official duties," the Supreme Court has found the Free Speech Clause will generally not shield the individual from the governmental employer's control and discipline. *Willey v. Sweetwater Cnty. Sch. Dist.*, No. 23-CV-069-SWS, 2023 WL 4297186, at *21 (D. Wyo. June 30, 2023), citing *Garcetti v. Cellabos*, 547 U.S. 410, 421 (2006); *see also Wright v. Kay Cnty. Justice Facilities Auth.*, No. 21-6009, 2023 WL 2822122, at *4 (10th Cir. Apr. 7, 2023).

In the Tenth Circuit, "speech is made pursuant to official duties if it is generally consistent with 'the type of activities [the employee] was paid to do.'" *Wright*, 2023 WL 2822122, at *5, citing *Brammer-Hoelter v. Twin Peaks Charter Acad.*, 492 F.3d 1192, 1203 (10th Cir. 2007) (alteration in original). In his Response, Plaintiff does not engage in an analysis of whether Plaintiff's sending the memorandum to other governmental agencies was the type of employee duty typically done by Plaintiff, but rather focuses solely on urging the Court that such is a fact issue and relying on Plaintiff's conclusory allegation in his Complaint that such was not part of his official duties. (Pl.'s Compl. ¶12).

However, contrary to Plaintiff's conclusory allegations in his Complaint and his Response, speaking to individuals outside the employee's chain of command does not

automatically translate such speech to be outside the employee's official duties. *See Timmins v. Henderson*, No. 122CV00754CNSNRN, 2023 WL 2390712, at *3-4 (D. Colo. Mar. 7, 2023). In *Timmins*, the plaintiff asserted that several statements she made to members of the press and ordinary citizens about the defendants' alleged illegal activity were statements made outside her official job duties because such were made with the intent to expose illegal activity. *Id*. at *3. The court declined to adopt that such motive itself caused the plaintiff's speech to fall outside her official duties. *Id*. at *5.

The analysis in *Timmons* on whether such speech was within the official job duties of the employee may be instructive in the present matter. Merely because Plaintiff alleges his motive in sharing "a memorandum explaining that Walters' proposed teacher pay plan contravened the requirements of federal and state laws and could have the effect of costing the State of Oklahoma approximately $18,000,000" does not automatically cause his speech to be outside his official job duties—nor is such allegation necessarily sufficient to raise a fact issue on an element often determined as a matter of law. (Pl.'s Compl., ¶13). Rather, Plaintiff's, a government employee, communication with other government employees of other government agencies about government business was speech made pursuant to his official job duties.

As such, Plaintiff has failed to state a claim for a violation of his First Amendment rights given his failure to establish speech made outside his official duties.

**B.      Plaintiff's communication did not pertain to a matter of public concern solely because of general news coverage about the ODE.**

Additionally, Plaintiff's communication to other government officials about government business does not rise to the level of a matter of public concern as required under the *Garcetti/Pickering* analysis. (See Pl.'s Compl., ¶¶11, 13). There is no presumption that "all matters which transpire in a government office are of public concern." *Connick v. Myers*, 461 U.S. 138, 149 (1983).

The Tenth Circuit narrowly interprets the term "public concern." *Rogers v. Riggs*, 71 F.4th 1256, 1259 (10th Cir. 2023), citing *Leverington v. City of Colo. Springs*, 643 F.3d 719, 727 (10th Cir. 2011); *Avant v. Doke*, No. CIV-20-067-RAW, 2023 WL 4778078, at *4 (E.D. Okla. July 26, 2023). Additionally, similar to whether speech was made pursuant to an employee's official duties, the element of public concern is typically a question of law. *Seifert v. Unified Gov't of Wyandotte Cty./Kansas City*, 779 F.3d 1141, 1151 (10th Cir. 2015).

Speech addressing "internal policies relevant only to department personnel" does not pertain to matters of public concern. *Conaway v. Smith*, 853 F.2d 789, 796 (10th Cir. 1988). Further, internal departmental issues fall outside the realm of public concern. *Marino v. Cnty. of Sierra*, No. CV 12-0597 GBW/WPL, 2013 WL 12329089, at *5 (D.N.M. Nov. 22, 2013). As discussed herein, Plaintiff's communication to other governmental officials about government business is not a matter of public concern. (See Pl.'s Compl., ¶¶11, 13).

Plaintiff generally alleges that "[g]iven the nature and scope of the activities of the Department of Education, its activities are matters of public concern." (Pl.'s Compl., ¶13). Further, in his Response, Plaintiff doubles down on this position, asserting that because the ODE has been the subject of recent news coverage, Plaintiff's speech must be a matter of public concern because it pertains to the ODE. (*See* Response, pp.4-5). In so contending, Plaintiff invites this Court to find opposite to the precedent set in *Connick* and to "presume that all matters which transpire within a government office are of public concern." *Connick v. Myers*, 461 U.S. 138, 149 (1983).

Tenth Circuit precedent does not allow Plaintiff to transform all communications about the ODE to matters of public concern—particularly those communications to other government officials about government business. As such, Plaintiff fails to state a claim for a clear violation of his constitutional rights under the First Amendment.

## IV.   CONCLUSION

Plaintiff's claims asserted against Defendants in their individual capacities fail due to Defendants' entitlement to qualified immunity given Plaintiff's failure to demonstrate a clear violation of his constitutional rights by Defendants. Because Plaintiff cannot show that his communication to fellow government officials regarding government business was made outside of his official duties nor pertained to a matter of public concern, Plaintiff cannot show a violation of his constitutional rights. As such, Defendants are entitled to qualified immunity and Plaintiff's claim against Defendants in their individual capacities should be dismissed.

Respectfully submitted,

/s/*Scott M. McElhaney*
Timothy Davis
Texas State Bar No. 24086142
(*application to appear pro hac vice forthcoming*)
Alexandra M. Williams
Texas State Bar No. 24107297
(*application to appear pro hac vice forthcoming*)
**JACKSON WALKER L.L.P.**
2100 Main St., Suite 2100
Fort Worth, TX 76102
(817) 334-7270 (phone)
(817) 334-7290 (fax)
Email: tdavis@jw.com
Email: amwilliams@jw.com

Scott M. McElhaney
Texas State Bar No. 00784555
**JACKSON WALKER L.L.P.**
2323 Ross Ave., Ste. 600
Dallas, Texas 75201
(214) 953-6147 (phone)
(214) 661-6672 (fax)
Email: smcelhaney@jw.com

**COUNSEL FOR DEFENDANTS RYAN WALTERS AND MATT LANGSTON, in Their Individual Capacities**

## CERTIFICATE OF SERVICE

I hereby certify that on August 4, 2023, I electronically transmitted the attached document to the Clerk of Court using the Electronic Case Filing System for filing. Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants of the ECF System.

*/s/ Scott M. McElhaney*