UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

MATTHEW COLWELL,

                  *Plaintiff*,

vs.

RYAN WALTERS, *in his official capacity as Superintendent of Public Instruction and in his individual capacity*, and

MATT LANGSTON, *in his official capacity as Chief Policy Advisor, Administrative Services, and in his individual capacity,*

                  *Defendants.*

No. CIV-23-476-G

## **REPLY IN SUPPORT OF MOTION TO DISMISS**

Plaintiff's concession that he cannot seek injunctive relief is fatal to his claim against the official capacity Defendants. He has no standing for Count I because that count as pled concerns only injury to others and because any amendment to add retrospective injuries to that *Ex Parte Young* claim would be barred by sovereign immunity. The scope of injunctive and declaratory relief is the same for that count. Whether he can seek declaratory relief paired with damages under Count II, his individual capacity claim, is not an issue that bars dismissal of Count I or official capacity Defendants. Accordingly, dismissal of Count I and the official capacity Defendants is appropriate.

## **ARGUMENT**

Under *Ex Parte Young*, Plaintiff can only assert prospective injuries for himself in an official capacity suit. *See, e.g.*, *Williams v. Utah Dep't of Corr.*, 928 F.3d 1209, 1214 (10th Cir.

2019). His pleading of Count I tries to follow this requirement because it requests only prospective relief against official capacity defendants. Doc. 1, Compl. ¶¶ 19-22. It then fails to clear standing requirements, though, because it requests prospective relief for other current employees and not for him. *See id.* Thus, the motion to dismiss turns on standing analysis because the claim he actually pled (injury to others) is barred by standing.[1]

Sovereign immunity precludes him from amending the pled Count I to add his injury because his injury is retrospective. Official capacity defendants are immune from suit for retrospective relief, which seeks to remedy past injuries. *See Buchheit v. Green*, 705 F.3d 1157, 1159 (10th Cir. 2012) (citing *Verizon Md., Inc. v. Pub. Serv. Comm'n*, 535 U.S. 635, 645 (2002)). As he concedes, he did not and cannot seek injunctive relief because he has no prospective injury—"the termination has already occurred." Doc. 12 at 2 n.1. Thus, in addition to lacking standing for his claim because it asserts no valid injury as to him, he also could not save his claim by adding his injuries from past termination because of the immunity of official capacity Defendants.

This limit on injunctive relief also applies to declaratory relief, as his complaint recognized but his brief now seeks to abandon. As a general matter, the *Ex Parte Young* exception "does not permit judgments against state officers declaring that they violated federal law in the past." *V-1 Oil Co. v. Utah State Dep't of Pub. Safety*, 131 F.3d 1415, 1422 (10th Cir. 1997) (quoting *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993)). Precedent has long explained that a declaratory judgment is inappropriately

---

[1] Plaintiff curiously claims that Defendants did not assert lack of injury. Doc. 14. at 6. Defendants would point to the first full paragraph of Part A.1 of the original motion, Doc. 8 at 2, which Plaintiff apparently missed.

retrospective if it resolves liability for a damages claim and there is otherwise "no occasion to issue an injunction." *Green v. Mansour*, 474 U.S. 64, 73 (1985).

Contrary to Plaintiff's assertion, this rule has not changed. The Supreme Court has allowed declaratory relief when there is a valid injunction, the declaratory relief "adds nothing to the prayer for injunction," and any potential damages liability is to third parties. *See Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Maryland*, 535 U.S. 635, 646 (2002). Put differently, the declaratory judgment may be a "declaration of the *past*, as well as the *future*," if it does not affect liability for damages and is instead paired with a proper injunction. *See id.* Plaintiff asserts that his request for declaratory relief is "factually intertwined with the damage claim," Doc. 14 at 3-6, and concedes the invalidity of his injunctive claim. Because he is seeking a declaration of the past that is tied to damages liability instead of an injunction, he is seeking an improperly retrospective declaration against official capacity Defendants.

There is also no consequential damages loophole around the prospective injury requirement. To be sure, threat of future injury to the Plaintiff is a prospective issue. Doc. 14 at 5. But the requirement is future "injury," not future damages. *See Tandy v. City of Wichita*, 380 F.3d 1277, 1283 (10th Cir. 2004). Plaintiff will not suffer a future termination from Defendants because he does not work for Defendants. No court has held that consequential damages from a past injury are, by themselves, an injury providing standing. To conclude otherwise would convert every past termination into a prospective claim because the damages occur after the termination. No court has eviscerated the limits on Ex Parte Young claims in such a manner. Plaintiff only argues otherwise by confusing the future injury caselaw with her future damages argument.

His new proffered injury to the public, Doc. 14 at 3, is neither in his Complaint nor a cognizable claim. Assuming for the sake of argument that he or other members of the public have some right to receive some unspecified information, he does not explain how that right is currently injured. He has a right under state law to inspect and copy most agency documents under the Oklahoma Open Records Act. *See* 51 O.S. §§ 24A.1-24A.33. The ORA also requires the agency to designate the persons authorized to release records. *See id.* § 24A.5(7). He does not plead that Defendants failed to designate an open records employee, and he cites no authority that the First Amendment requires Defendants to designate all employees to distribute open records. Accordingly, if he had pled such a claim, Defendants would also move to dismiss that claim for lack of injury because there is no prospective injury to the public.

Because Plaintiff concedes he has no injury for an official capacity injunction, he also has no injury for an official capacity declaration. He cannot assert the injuries of other employees, he cannot amend to add his injuries to Count I because of sovereign immunity, and he cannot amend to add a claim for the public generally because he has stated no such cognizable claim. The official capacity Defendants express no view on whether he could seek declaratory relief paired with damages under Count II. But Plaintiff's concession on the injunction requires dismissal of the official capacity claim and the official capacity Defendants.

Respectfully Submitted,

_____
Bryan Cleveland, OBA #33860
General Counsel

Oklahoma State Department of Education
2500 North Lincoln Boulevard
Oklahoma City, OK 73105
(405) 522-2424
bryan.cleveland@sde.ok.gov

*Counsel for Defendants (Official Capacities)*

5