IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MATTHEW COLWELL,<br><br>    *Plaintiff*,<br><br>    v.<br><br>RYAN WALTERS, in his official capacity as Superintendent of Public Instruction and in his individual capacity,<br><br>    and<br><br>MATT LANGSTON, in his official capacity as Chief Policy Advisor, Administrative Services, and in his individual capacity,<br><br>    *Defendants*. | Civil Action No. 5:23-00476-G |

### DEFENDANTS RYAN WALTERS AND MATT LANGSTON'S, IN THEIR INDIVIDUAL CAPACITIES, ANSWER AND AFFIRMATIVE DEFENSES

Defendants Ryan Walters and Matt Langston, in their individual capacities ("Defendants"), file this answer and affirmative defenses to Plaintiff's Complaint and would show the Court the following:

#### I.   ANSWER

Defendants deny every allegation in Plaintiff's Complaint unless specifically admitted herein. For further response, Defendants state as follows:

#### PARTIES

1. Defendants admit the Plaintiff is Matthew Colwell, an adult male, but lack

information or knowledge sufficient to form a belief about the remaining allegations in Paragraph 1.

2. Defendants admit the allegations in Paragraph 2.

## JURISDICTION AND VENUE

3. Defendants admit Plaintiff's action complains of wrongful and retaliatory termination allegedly in violation of the First Amendment, but denies the remainder of the allegations in the first sentence of Paragraph 3. The second sentence of Paragraph 3 contains a legal conclusion, which requires no response from Defendants.

4. Defendants admit the actions complained of in Plaintiff's Complaint occurred in Oklahoma County, Oklahoma. The remainder of the allegations in Paragraph 4 contain legal conclusions, which require no response from Defendants.

## STATEMENT OF FACTS

5. Defendants admit Plaintiff was employed by the Oklahoma Department of Education and that his employment was terminated on May 26, 2023. Defendants deny the remainder of the allegations in Paragraph 5.

6. Defendants admit Ryan Walters is the Superintendent of Public Instruction for the State of Oklahoma. Defendants deny the remainder of the allegations in Paragraph 6.

7. Defendants admit Matt Langston is the Chief Policy Advisor of Administrative Services for the Oklahoma Department of Education.

8. The first sentence of Paragraph 8 contains a legal conclusion, which requires no response from Defendants. Defendants admit an e-mail signed by Matt Langston was

sent to employees of the Oklahoma Department of Education, which stated, "To recap, any employee found leaking information to the press will face immediate termination."

9. Defendants deny the allegations in Paragraph 9.

10. Defendants deny the allegations in Paragraph 10.

11. Defendants admit Plaintiff's employment was terminated. Defendants deny the remainder of the allegations in Paragraph 11.

12. Paragraph 12 contains legal conclusions, which require no response from Defendants.

13. Defendants admit the Department of Education is a public, constitutional agency of the State of Oklahoma and is charged with advancing education of students in the State of Oklahoma. The second sentence of Paragraph 13 contains a legal conclusion, which requires no response from Defendants. Defendants lack information or knowledge sufficient to form a belief about the remaining allegations in Paragraph 13.

14. The first sentence in Paragraph 14 contains a legal conclusion, which requires no response from Defendants. Defendants deny the remainder of the allegations in Paragraph 14.

15. Defendants deny the allegations in Paragraph 15.

16. Defendants deny the allegations in Paragraph 16.

17. Paragraph 17 contains legal conclusions, which require no response from Defendants.

18. The first sentence in Paragraph 18 contains a legal conclusion, which requires no response from Defendants. Defendants deny the remainder of the allegations

in Paragraph 18.

## COUNT I

Defendants incorporate herein and reassert by reference the responses to the preceding paragraphs.

19. Paragraph 19 contains a legal conclusion, which requires no response from Defendants.

20. Defendants deny the allegations in Paragraph 20.

21. Paragraph 21 contains a legal conclusion, which requires no response from Defendants. To the extent a response is required, Defendants deny the allegations.

22. Defendants admit they assert their actions were valid and that Plaintiff disputes the legality or validity of their actions. Defendants deny the remaining allegations in Paragraph 22.

Defendants deny the allegations in Plaintiff's prayer for relief, including denying that Plaintiff is entitled to any relief.

## COUNT II

Defendants incorporate herein and reassert by reference the responses to the preceding paragraphs.

23. Paragraph 23 contains a legal conclusion, which requires no response from Defendants.

24. Defendants deny the allegations in Paragraph 24.

25. Defendants admit Plaintiff lost his employment. Defendants lack knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 25.

26. Paragraph 26 contains a legal conclusion, which requires no response from Defendants. To the extent a response is required, Defendants deny the allegations.

Defendants deny the allegations in Plaintiff's prayer for relief, including denying that Plaintiff is entitled to any relief.

## II. AFFIRMATIVE DEFENSES

For further answer, if any is necessary, Defendants assert the following affirmative defenses:

1. Plaintiff fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred, in whole or in part, because Defendants are entitled to qualified immunity.

3. Plaintiff's claims are barred, in whole or in part, because Defendants are entitled to official immunity.

4. On information and belief, Plaintiff has suffered no damages.

5. On information and belief, Plaintiff has wholly failed to mitigate his damages to the extent he has any.

6. On information and belief, Plaintiff's claims are barred, in whole or in part, by his own conduct and/or negligence.

7. On information and belief, Plaintiff's claims are barred by the equitable doctrine of unclean hands.

8. On information and belief, any claim for damages by Plaintiff is barred, in whole or in part, by the doctrines of estoppel, including but not limited to quasi-estoppel

and equitable estoppel.

9. Defendants reserve the right to raise additional defenses that become apparent through discovery, as permitted by the Court, and the factual development of this action.

## III. PRAYER

For the reasons stated, Defendants pray that Plaintiff takes nothing by his suit, that the Court enter a judgment dismissing Plaintiff's suit, award Defendants for any costs incurred, and for all such other and further relief, at law or in equity, to which Defendants may show themselves justly entitled.

Respectfully submitted,

*/s/     Timothy Davis*
Timothy Davis
Texas State Bar No. 24086142
Alexandra M. Williams
Texas State Bar No. 24107297
**JACKSON WALKER L.L.P.**
2100 Main St., Suite 2100
Fort Worth, TX 76102
(817) 334-7270 (phone)
(817) 334-7290 (fax)
Email: tdavis@jw.com
Email: amwilliams@jw.com

**COUNSEL FOR DEFENDANTS RYAN WALTERS AND MATT LANGSTON IN THEIR INDIVIDUAL CAPACITIES**

## CERTIFICATE OF SERVICE

I hereby certify that on September 3, 2024, I electronically transmitted the attached document to the Clerk of Court using the Electronic Case Filing System for filing. Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants of the ECF System.

/s/   Timothy Davis