### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. MATTHEW COLWELL,<br><br>          Plaintiff,<br><br>v.<br><br>1. RYAN WALTERS,<br>   in his individual capacity, and<br><br>2. MATT LANGSTON,<br>   in his individual capacity,<br><br>          Defendants. | No. CIV-23-476-G |

### PLAINTIFF'S MOTION TO SUPPLEMENT HIS MOTION TO COMPEL

**COMES NOW THE PLAINTIFF,** and respectfully prays that he be allowed to supplement his motion to compel based on grounds that have arisen subsequent to the briefing of his pending motion to compel.

In support of this motion, Plaintiff would show that:

1. On December 30, 2024, Plaintiff filed a motion to compel discovery. Dkt # 45. Defendants had refused to answer discovery claiming they were shielded from answering discovery based on qualified immunity, notwithstanding that they had agreed to a standard discovery plan and had not raised qualified immunity in making their objections to discovery.

2. Defendants filed their answer in opposition to Plaintiff's motion on or about January 29, 2025. Dkt # 48.

3. Plaintiff filed his Reply in support of the motion to compel on February 3, 2025. Dkt # 51.

4. Plaintiff's motion to compel has not yet been decided by this Court.

5. On April 4, 2025, Plaintiff filed a motion to strike the existing pretrial deadlines due to the fact that Plaintiff had not been able to conduct discovery necessary for this case. Defendants did not file a response to such motion, and, although they have defaulted on the motion, this Court has not yet ruled on the motion.

6. On April 18, 2025, the Defendants filed a witness and exhibit list, identifying both Mr. Walters and Mr. Langston as witnesses. See Dkt # 57. In such witness list, Defendants specified that **Ryan Walters'** Expected Testimony is:

> Expected to testify about all facts and circumstances alleged in the Complaint, the affirmative defenses contained in his Answer, and any matters which are touched on in any deposition given by him. Specifically, Ryan Walters is expected to testify as to his knowledge concerning the facts and circumstances surrounding Plaintiff's termination from the OSDE, any relevant policies, customs and practices, of the OSDE related to Plaintiff's termination, and Walters' financial condition as it relates to Plaintiff's claim for punitive damages.

**Matt Langston's** Expected Testimony is:

> Expected to testify about all facts and circumstances alleged in the Complaint, the affirmative defenses contained in his Answer, and any matters which are touched on in any deposition given by him. Specifically, Ryan Walters is expected to testify as to his knowledge (or lack thereof) concerning the facts and circumstances surrounding Plaintiff's termination from the OSDE, any relevant policies, customs and practices, of the OSDE related to Plaintiff's termination, and Langston's financial condition as it relates to Plaintiff's claim for punitive damages.

7. On or about May 1, 2025, the Defendant's went further and each submitted sworn testimony in support of their motion for summary judgment. Dkt # 58-1 and 58-2.

8. Because these matters occurred after the motion to compel had been briefed, but before the motion has been determined, and because each action constitutes a separate waiver of any claimed privilege or protection against

discovery, Plaintiff prays that he be allowed to supplement his pending motion with such evidence.

## ARGUMENT AND AUTHORITY

Although Defendants had already waived any right to object to discovery based on qualified immunity, their action of listing themselves as witness who will testify as to every issue in the case, and then going further and offering testimony via their sworn declarations, have conclusively waived objections such that the motion to compel should be granted, together with costs and attorney's fees.

In many instances, the mere fact that a party has been listed as a witness is enough to waive any claim of privilege which could be asserted, at least as to the topics listed.  ***Cf. Leybold-Heraens Technologies, Inc. v. Midwest Instrument Co.***, 118 F.R.D. 609, 614 (E.D.Wisc. 1987) ("Upon naming two of their attorneys as witnesses, LHT and LHG assumed the risk that their claim of attorney-client communication and/or attorney work product would be abrogated.") Here, both Walters and Langston have indicated an intention to testify about each aspect of the case, which should be a considered an anticipatory waiver. In short, a party may not strategically invoke a privilege with the intention of waiving the privilege at trial.  ***See Central Soya Co., Inc. v. Geo. A. Hormel & Co.***, 581 F.Supp. 51, 53 (W.D.Okla.1982):

> The underlying rationale is one of fairness.  A party cannot disclose only those facts beneficial to its case and refuse to disclose, on the grounds of privilege, related facts adverse to its position. . . . [A] party may not insist on the protection of the privilege for damaging communications while disclosing other selected communications because they are self-serving.

In other words, "a litigant cannot use the work product doctrine as both a sword and shield by selectively using the privileged documents to prove a point but then invoking the privilege to prevent an opponent from challenging the assertion."  ***Frontier Refining Inc.***

*v. Gorman-Rupp Co., Inc.*, 136 F.3d 695, 704 (10th Cir.1998).

Here, however, there is more than an anticipatory waiver; Walters and Langston have now offered portions of their testimony which they believe are helpful to their position. By testifying, they waived any claim to privilege. They have each invoked privilege to avoid answering any questions about their conduct in the case, leaving the court with the option of either barring their testimony, or directing that the privilege is waived. *Cf. Marathon Ashland Pipe Line, LLC v. Maryland Casualty Co.,* 243 F.3d 1232, 1253 (10th Cir.2001) (a party may not avoid discovery by invoking a privilege and then waive that privilege at trial and the trial court should "faithfully enforce its order that [a party] may not enter anything into evidence at trial concerning matters about which it claimed a privilege."). *Accord Winton v. Bd of Cmrs, Tulsa Cnty, Okla.,* 188 F.R.D. 398 (N.D.Okla.1999).

**WHEREFORE**, Plaintiff should be allowed to supplement his motion with the Defendants' witness and exhibit lists and their affidavits, and thereupon either determine the privilege is waived or exclude either Defendant from testifying in the case.

**RESPECTFULLY SUBMITTED THIS 5th DAY OF MAY, 2025.**

HAMMONS, HURST & ASSOCIATES

s/ Mark Hammons
Mark Hammons, OBA No. 3784
Amber L. Hurst, OBA No. 21231
325 Dean A. McGee Avenue
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-6100
Facsimile: (405) 235-6111
Email: assistant@hammonslaw.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

      A true copy of the foregoing was filed and served by use of this Court's ECF system of filing and service on Defendants' counsel below listed on May 5, 2025:

David R. Gleason, OBA No. 31066
Moricoli, Kellogg, & Gleason, P.C.
One Leadership Square, Ste. 1350,
211 N. Robinson Ave.
Oklahoma City, OK 73102
Phone: 405-235-3357
Email: dgleason@moricoli.com
*Attorney for Defendants in their individual capacities*

                                            s/ Mark Hammons